**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-3254

JOSEPH ROBINSON, Individually and on Behalf of All Others Similarly Situated,
       Plaintiff,

v.

A AND A QUALITY APPLIANCE, INC.,
       Defendant.

---

ORIGINAL COMPLAINT—COLLECTIVE ACTION

---

Plaintiff JOSEPH ROBINSON, individually and on behalf of all others similarly situated, alleges against Defendant A AND A QUALITY APPLIANCE, INC., as follows:

## I.    PRELIMINARY STATEMENT

1.    This collective and class action seeks relief from Defendant's willful misclassification of its "Sales Managers" as exempt from overtime pay, resulting in Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), and the Colorado Wage Claim Act, Colo. Rev. Stat. Ann. § 8-4-109.

2.    Defendant A AND A QUALITY APPLIANCE, INC., doing business as Appliance Factory & Mattress Kingdom, is Colorado's largest independently owned appliance and mattress retailer and the nation's largest discount appliance and mattress retailer.

3.    Plaintiff Robinson and the members putative class and collective action

1

members were misclassified under the misleading job title "Sales Managers," when in fact their primary job duty was selling products at Defendant's stores, rather than management. Because their primary job duty does not qualify for any exemption to overtime pay under the FLSA or Colorado law, they should have been classified as non-exempt and received overtime pay. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the FLSA. *See* 29 U.S.C. § 216(b).

4.     The FLSA Collective is made of all persons who work or worked for Defendant as Sales Managers and any other employees performing the same or similar duties for Defendant, within the United States, at any time from three years prior to the filing of this Complaint to the final disposition of this case.

5.     The Colorado Rule 23 Class is made up of all persons who work or worked for Defendant as Sales Managers and any other employees performing the same or similar duties for Defendant, within Colorado, at any time from three years prior to the filing of this Complaint to the final disposition of this case.

6.     Plaintiff seeks relief on behalf of the FLSA Collective and Rule 23 Class in the form of all unpaid overtime wages owed, plus liquidated damages, penalties, interest, attorneys' fees, and costs.

## II.     THE PARTIES

7.     Individual and Representative Plaintiff JOSEPH ROBINSON is a resident of Denver County.

8.     Plaintiff was employed by Defendant as a Sales Manager from approximately February of 2019 to June of 2019.

9.     Plaintiff worked at two of Defendant's stores in Denver.

10.    Defendant A AND A QUALITY APPLIANCE, INC., is a corporation organized under the laws of Colorado, with a principal business office located at 321 West 84th Avenue, Corporate Suites, Thornton, Colorado 80260.

11.    Defendant's registered agent for service of process is Dennis Kaw, 321 West 84th Avenue, Corporate Suites, Thornton, Colorado 80260.

### III.    JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA.

13.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

14.    Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendant resides in this district and because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

### IV.    FACTUAL ALLEGATIONS

15.    Defendant was the "employer" of Sales Managers within the meaning of the FLSA, 29 U.S.C. § 203(d).

16.    Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.00.

17.    Defendant is an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce.

18.     Sales Managers' primary duty was selling products at Defendant's stores.

19.     Sales Managers' primary duty was *not* management, and did not otherwise fall within any exemptions to overtime pay under the FLSA or Colorado law.

20.     Defendant suffered and permitted Sales Managers to work more than forty (40) hours per week.

21.     Defendant was aware, or should have been aware, that Sales Managers were regularly working in excess of forty (40) hours in a workweek.

22.     Defendant willfully misclassified Sales Managers as exempt from overtime pay and only paid them for up to forty (40) hours in a workweek, but not more, despite the fact that they typically worked significantly more hours.

23.     Defendant willfully failed to pay Sales Managers overtime pay for hours worked in excess of forty (40) in a workweek at a rate not less than time-and-a-half (1.5) of their regular rate of pay.

### V.     COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff Robinson brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b) (the "FLSA Collective"):

> All persons who work or worked for Defendant as Sales Managers and any other employees performing the same or similar duties for Defendant, within the United States, at any time from three years prior to the filing of this Complaint to the final disposition of this case.

25.     The primary job duties of Plaintiff and members of the FLSA Collective was

selling products at Defendant's stores.

26.     Defendant willfully misclassified Plaintiff and members of the FLSA Collective as exempt from overtime pay and only paid them for up to forty (40) hours in a workweek, but not more, despite the fact that they typically worked significantly more hours.

27.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Robinson and the FLSA Collective.

28.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff Robinson and the FLSA Collective, and as such, notice should be sent to the members of the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## VI.     COLORADO CLASS ACTION ALLEGATIONS

29.     Plaintiff Robinson alleges and incorporates by reference the allegations in the preceding paragraphs.

30.     Plaintiff Robinson brings all claims alleged herein under Colorado law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of all members of the Colorado Rule 23 Class:

> All persons who work or worked for Defendant as Sales Managers and any other employees performing the same or similar duties for Defendant, within Colorado, at any time from three years prior to the filing of this Complaint to the final

disposition of this case.

31.   <u>Numerosity:</u> The Proposed Colorado Rule 23 Class is so numerous that joinder of all members is impracticable. Plaintiff Robinson is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed over forty (40) Sales Managers in Colorado who satisfy the definition of the Colorado Rule 23 Class. The names and addresses of the Colorado Rule 23 Class Members are available to the Defendant. Notice can be provided to Colorado Rule 23 Class members via first-class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

32.   <u>Typicality:</u> Plaintiff Robinson's claims are typical of the Colorado Rule 23 Class Members. Plaintiff Robinson, like other Colorado Rule 23 Class Members, was subjected to Defendant's common, unlawful policies, practices, and procedures. The claims of Plaintiff Robinson are typical of the claims of the Colorado Rule 23 Class Members who Defendant misclassified as exempt from overtime pay. Defendant's common course of unlawful conduct has caused Plaintiff Robinson and similarly situated Colorado Rule 23 Class Members, to sustain the same or similar injuries and damages caused by the same practices of Defendant including not receiving overtime compensation. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Colorado Rule 23 Class Members.

33.   <u>Adequacy:</u> Plaintiff Robinson is a member of the Colorado Rule 23 Class, does not have any conflicts of interest with other Colorado Rule 23 Class Members, and will prosecute the case vigorously on behalf of the Colorado Rule 23 Class. Plaintiff

Robinson will fairly and adequately protect the interests of the Colorado Rule 23 Class Members. Plaintiff Robinson has retained counsel competent and experienced in complex class actions, and federal and Colorado wage and hour litigation.

34.     <u>Superiority:</u> A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Plaintiff lacks the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, and fear of retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

35.     <u>Commonality for the Class:</u> There are questions of law and fact common to Plaintiff Robinson and the Colorado Rule 23 Class Members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

(a)     Whether Defendant maintained a policy or practice of misclassifying its employees as exempt from overtime pay;

(b)     Whether Defendant has employed Colorado Rule 23 Class Members in a position subject to, and not exempt from, Colorado overtime pay requirements;

(c)     Whether Defendant knew or should have known that its Colorado Rule 23 Class Members regularly worked over forty hours per week;

(d)     Whether Defendant failed to pay its Colorado Rule 23 Class Members overtime wages for time worked in excess of forty hours per week;

(e)     Whether Defendant has violated Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4) by their failure to pay Colorado Rule 23 Class Members overtime compensation;

(f)     Whether Defendant's actions were willful;

(g)     The proper formula for calculating damages owed to Plaintiff Robinson and the Colorado Rule 23 Class alleged herein.

36.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

37.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Colorado Rule 23 Class predominate over any questions affecting only individual members of the Proposed Colorado Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Proposed Colorado Rule 23 Class members the overtime pay to which they are entitled. The damages suffered by the individual Proposed Colorado Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation especially in light of the overtime wage claims asserted on behalf of the Proposed Colorado Rule 23 Class. Proposed Colorado

Rule 23 Class members fear workplace retaliation and being "blackballed" from obtaining future employment. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

38.     Plaintiff intends to send notice to all members of the Proposed Colorado Rule 23 Class to the extent required by Rule 23. The names, e-mail addresses, and mailing addresses of the members of the Proposed Colorado Rule 23 Class are available from Defendant.

## COUNT I

### (Brought Individually and as a Collective Action Pursuant to 29 U.S.C. § 216(b)) Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

### FAILURE TO PAY WAGES FOR ALL OVERTIME HOURS WORKED

39.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

40.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed.

41.     Plaintiff and the FLSA Collective members regularly worked more than forty (40) hours per workweek.

42.     Defendant failed to properly pay Plaintiff and the FLSA Collective members overtime wages at a rate not less than one and one-half (1.5) times their regular rate of

pay for all hours they worked in excess of forty (40) per workweek.

43.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

44.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

45.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA Collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT II

### (Brought Individually and as a Class Action Pursuant to Fed. R. Civ. P. 23)
### Violations of Colorado Minimum Wage Order
### Number 35, 7 Colo. Code Regs. § 1103-1(4)

### FAILURE TO PAY WAGES FOR ALL OVERTIME HOURS WORKED

46.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

47.     Plaintiff and the Rule 23 Class members regularly worked more than forty (40) hours per workweek.

48.     Defendant failed to properly pay Plaintiff and the Rule 23 Class members overtime wages at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

49.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

50.     Because Defendant willfully violated the Colorado Minimum Wage Order, a three (3) year statute of limitations shall apply to such violations.

51.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 Class members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

### COUNT III

**(Brought Individually and as a Class Action Pursuant to Fed. R. Civ. P. 23)**
**Violations of Colorado Wage Claim Act, Colo. Rev. Stat. Ann. § 8-4-109**

### FAILURE TO PAY EARNED WAGES

52.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

53.     The CWCA defines wages as "all amounts for labor or service performed by employees . . . if the labor or service to be paid for is performed personally by the person demanding payment." C.R.S. § 8-4-101(9).

54.     Under the CWCA, if an employee has been terminated, or quits or resigns from employment with unpaid wages remaining due, then that employee may submit a written demand for wages due. Colo. Rev. Stat. § 8-4-109(3)(a).

55.     An employee is entitled to certain statutory penalties under CWCA if the employer does not make a legal tender of such wages in response to the written demand. Id. at § 109(3)(b).

56.     If the employer makes "a legal tender of the amount that the employer in good faith believes is due," then the employer is exempted from statutory CWCA penalties

in most circumstances. Id. at § 109(3)(a.5).

57.     Defendant terminated Plaintiff's employment on or around June 20, 2019.

58.     At the time of his termination, Plaintiff was owed unpaid overtime wages as a result of the violations of the FLSA and Colorado Minimum Wage Order alleged herein.

59.     The undersigned firm served a written demand on behalf of Plaintiff and the Rule 23 Class, seeking their unpaid overtime wages.

60.     Defendant confirmed receipt of the demand but has not made a legal tender of the unpaid overtime wages claimed in Plaintiff's written demand.

61.     As a result of Defendant's violations of the CWCA, Plaintiff and the Rule Class are entitled to their unpaid overtime wages, as well as civil penalties, reasonable attorneys' fees, and costs pursuant to Colo. Rev. Stat. § 8-4-109.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Robinson, on behalf of himself and the Proposed Class and Collective, request judgment and the following specific relief against Defendant as follows:

(A)     A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)     A declaratory judgment that Defendant's wage practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

(C)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the Colorado claims set forth herein;

(E)     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all members of the FLSA Collective and Colorado Rule 23 Class;

(F)     Authorizing Plaintiff's counsel to send notice(s) of this action to all members of the FLSA Collective and Colorado Rule 23 Class, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(G)     Designating Plaintiff as the representative of the FLSA Collective and Colorado Rule 23 Class in this action;

(H)     Designating the undersigned counsel as counsel for the FLSA Collective and Colorado Rule 23 Class in this action;

(I)     Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the members of the FLSA Collective are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(J)     Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff and the members of Colorado Rule 23 Class are lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

(K)     An incentive award for the Plaintiff for serving as representative of the FLSA Collective and Colorado Rule 23 Class in this action;

(L)     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and Colo. Rev. Stat. § 8-6-118; and

(M)     Judgment for any and all civil penalties to which Plaintiff and the members of the FLSA Collective and Colorado Rule 23 Class may be entitled; and

(N)     Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JOSEPH ROBINSON, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

RESPECTFULLY SUBMITTED,

Jason T. Brown
Nicholas Conlon
BROWN, LLC
111 Town Square Place
Jersey City, NJ 07310
Telephone: (877) 561-0000
Facsimile: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

/s/ Josh Sanford
Josh Sanford
April Rhéaume
SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com
april@sanfordlawfirm.com

*Attorneys for Plaintiff and the
Putative Collective and Class*